IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
Charlene Bea filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying her temporary total disability compensation ("TTD") and which compels the commission to enter a new order granting the compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. A different magistrate was later assigned to the case. The parties stipulated the pertinent evidence and respondent The Kroger Company was later permitted to supplement the stipulated evidence.
After the filing of briefs, the second magistrate issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we issue a writ of mandamus compelling the commission to reassess Ms. Bea's entitlement to TTD from August 25, 1996 onward.
Ms. Bea filed objections to the magistrate's decision. The Kroger Company also objected. The case is now before the court for a full, independent review.
Charlene Bea was injured on July 2, 1994. The Kroger Company certified her industrial claim for "strain, back, neck and legs." As originally certified, the claim does not identify what portion or portions of Ms. Bea's back were injured.
The Kroger Company paid Ms. Bea approximately three weeks of TTD for time she was unable to work in July of 1994. In March of 1996, The Kroger Company resumed payment of TTD.
In July of 1996, The Kroger Company approved a change of treating physicians to C. Duane Bellamy, M.D. Dr. Bellamy then signed a C-84 which certified an inability to return to the former position of employment from October 15, 1994 to an estimated return-to-work date of November 4, 1996. In filling out the the C-84, Dr. Bellamy did not complete part eight which requests itemization of the allowed conditions being treated which prevent return to work and itemization of other allowed conditions being treated. However, he included in a report a few weeks earlier that Ms. Bea's chief complaint was low back and bilateral leg pain. He also provided in the report a section titled "IMPRESSION," which reads:
 "1. Chronic cervical sprain/strain resulting in chronic myofascial soreness and tenderness in the upper back musculature and resulting in chronic pain in the upper extremities.
 "2. Chronic lumbar sprain/strain. Although Ms. Bea describes radiation of pain into both legs, there is no indication on physical examination or on previous diagnostic work-up of a radiculopathy.
 "3. Chronic pain syndrome. Ms. Bea displays many of the features of chronic pain syndrome including pain which has persisted for 2 years after an injury and has not responded to conservative therapy. This pain is interfering with her ability to function at home and in the work-place. She also shows signs of depression, poor sleep pattern, the development of a dependent personality, and generalized physical deconditioning."
Clearly, Dr. Bellamy wrote a report which indicated his belief that Ms. Bea was entitled to TTD at a time when he was accepted as being her treating phsyician. In light of the recent case of State ex rel. Russell v. Indus. Comm. (1998),82 Ohio St.3d 516, counsel for Ms. Bea is correct that TTD could not be terminated prior to a hearing date before a district hearing officer. As a result, the objections filed on behalf of Ms. Bea must be sustained.
As to the issues set forth in the objections on behalf The Kroger Company, the record before us makes it very difficult to determine what reports and forms were before the district hearing officer ("DHO") at the hearing held on March 7, 1997. The flaws in the reasoning of the DHO are analyzed carefully in the magistrate's decision. Under the circumstances, we have little choice but to return the matter to the commission with instructions to grant TTD for Ms. Bea up until March 7, 1997 and to reassess her entitlement to TTD from March 7, 1997 onward. We also allow the commission the right to terminate TTD effective March 7, 1997 if the commission determines that March 7, 1997 is the appropriate date to terminate TTD. We do not mean to imply that TTD should or should not be terminated at all. Instead, we feel that an exception to the Russell case situation may exist here, allowing the date for termination previously established to be reinstated.
The objections filed on behalf of The Kroger Company are overruled.
As a result, we adopt the findings of fact contained in the magistrate's decision. We do not adopt the conclusions of law insofar as they address Ms. Bea's entitlement to TTD from August of 1996 to March 7, 1997. We do adopt the conclusions of law otherwise.
We, therefore, grant a writ of mandamus which compels the commission to vacate its orders denying TTD for Ms. Bea, which compels the commission to grant TTD from August of 1996 to March 7, 1997, and which compels the commission to reassess her entitlement to TTD from March 7, 1997 onward, and utilize the full range of medical reports before it.
Objections overruled; writ granted.
BOWMAN and PETREE JJ., concur.